SEYFARTH SHAW
Kari Erickson Levine (State Bar No.: 146101)
Mark J. Fumia (State Bar No.: 217440)
101 California Street, Suite 2900
San Francisco, California 94111-5858
Telephone: (415) 397-2823
Facsimile: (415) 397-8549

Attorneys for Defendant
WALGREEN CO.

*E-filing*

ORIGINAL
FILED

FEB 1 0 2003

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

BZ

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAREN CRAIG and BLANE BECKWITH | Case No. C 03 - 0580 |
| Plaintiffs, | (S.C.A.C. Case No. 2002077454) |
| v. | **DEFENDANT WALGREEN CO.'S NOTICE AND PETITION OF REMOVAL OF CIVIL ACTION TO THE UNITED STATES DISTRICT COURT** |
| WALGREEN CO., and DOES 1-50, inclusive | |
| Defendants. | |

TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA:

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. Sections 1441(a) and 1446, Defendant WALGREEN CO. ("Defendant") hereby removes the above-titled action from the Superior Court of California in and for the County of Alameda to the United States District Court for the Northern District of California.

**Removal Jurisdiction**

1.     This Court has original jurisdiction over this action under 28 U.S.C. § 1332 because this action involves citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs. In support of this removal, Defendant makes the following showing.

1

2.    Defendant is informed and believes that on or about December 31, 2002, Plaintiffs Karen Craig and Blane N. Beckwith (hereinafter collectively referred to as "Plaintiff" or "Plaintiffs") filed a Complaint in the Superior Court of the State of California in and for the County of Alameda, titled KAREN CRAIG and BLANE N. BECKWITH v. WALGREEN CO., AND DOES 1 THROUGH 50.   The Complaint purports to allege causes of action for violation of (1) the Unruh Civil Rights Act, (2) the California Public Accommodations Law, and (3) Title III of the Americans with Disabilities Act.

3.    Service on the Defendant of the Summons and Complaint was completed on January 13, 2003.  See Declaration of Theresa Mak filed concurrently herewith.  This Notice of Removal is filed within 30 days of service of the Summons and Complaint on Defendant.  Thus, removal is timely pursuant to 28 U.S.C. § 1446(b) and Federal Rules of Civil Procedure, Rule 6(a).  *See also Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354-56 (1999) (removal is timely if made within 30 days after complaint is served on defendant).  All process, pleadings, notices and orders served upon Defendant in this action, including the Complaint, are attached as Exhibit "**A**" hereto, and are incorporated by reference as though fully set forth herein. Defendant's Answer to the Summons and Complaint is attached as Exhibit "**B**" hereto, and incorporated by reference as though fully set forth herein.

**Diversity Jurisdiction**

4.    This is a civil action of which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a)(1), and is one which may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. § 1441(a), in that it is a civil action wherein the amount in controversy is in excess of the sum Seventy Five Thousand Dollars ($75,000), exclusive of interest and costs, and is between citizens of different states.

5.    Defendant is informed and believes that Plaintiff is, and at all times since the commencement of this action has been, a citizen and resident of the State of California.

6.    Defendant is a corporation incorporated under the laws of the State of Illinois with its principal place of business located in the State of Illinois.  Pursuant to 28 U.S.C. §

1332(c)(1), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business . . .."

7.      The citizenship of the fictitious Defendants, Does 1 through 20, may be disregarded pursuant to 28 U.S.C. § 1441(a) ("[f]or purposes of removal under this chapter, the citizenship of Defendant sued under fictitious names shall be disregarded"). *Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980).

8.      The amount in controversy in this action, exclusive of interest and costs, exceeds the sum of Seventy-Five Thousand Dollars ($75,000). According to the Complaint, Plaintiff claims entitlement to actual, compensatory, statutory, punitive and exemplary damages as well as attorneys' fees. Complaint, p. 25, at lines 15-23. If attorneys' fees are recoverable by statute or contract, then the fees claim is included in determining the amount in controversy. *Goldberg v. CPC Int'l, Inc.*, 678 F.2d 1365, 1367 (9th Cir. 1982). Thus, based upon the allegations contained in the Complaint, Defendant is informed and believes that Plaintiff seeks damages within the jurisdictional authority of this Court.

9.      Since diversity of citizenship exists between Plaintiff and Defendant and the matter in controversy between them is in excess of Seventy-Five Thousand Dollars ($75,000), this Court has original jurisdiction of the action pursuant to 28 U.S.C. § 1332(a)(1). Moreover, counsel for both Plaintiff and Defendant engaged in a telephone conversation on January 10, 2003, wherein counsel for both Plaintiff and Defendant agreed that the action constituted a suit between citizens of different states, and that the amount in controversy exceeded the sum of $75,000. Plaintiff's counsel further stated that in the event Defendant removed the case to the United States District Court for the Northern District of California, Plaintiff's counsel would not seek remand back to the Superior Court of California. *See* Declaration of Theresa Mak served and filed concurrently herewith. The action is therefore a proper one for removal to this Court.

**Venue**

10.      Venue lies in the United States District Court for the Northern District of California pursuant to 28 U.S.C. § 1441(a) because the state court action was filed in this district.

Defendant Walgreen Co.'s Notice and Petition of Removal of Civil Action to the USDC

1     11.    The documents designated as Exhibit A to this Notice are true and correct copies

2  of all processes, pleadings, and orders served upon and received by Defendant in this case.

3     12.    Defendant will give notice of the filing of this Notice of Removal to Plaintiff and

4  to the Clerk of the Superior Court of the State of California in and for the County of Alameda.

5  The Notice of Removal is concurrently being served on all parties.

6     **WHEREFORE,** Defendant prays that this civil action be removed from the Superior

7  Court of the State of California in and for the County of Alameda to this Court.

8  DATED: February 10 , 2003          SEYFARTH SHAW

9

10                     By_____

11                        Kari Erickson Levine
                            Attorneys for Defendant

12                        WALGREEN CO.

13

14

15

16

17

18

19

20

21

22

23

24

25  SF1 28134406.1 / 35251-000002

26

27

28

4

# EXHIBIT A

01/07/03 TUE 00:14 FAX 5103516          Barbara Heep                                ☒002

1998413

1  ROBERT G. SCHOCK  State Bar No. 37682
   LAW OFFICE OF ROBERT G. SCHOCK
2  1970 Broadway, Suite 1200
   Oakland, CA 94612
3  (510) 839-7722
   Facsimile (510) 839-7752
4
   Attorney for Plaintiffs
5
   KAREN CRAIG and BLANE N. BECKWITH
6

**FILED**
ALAMEDA COUNTY

DEC 3 1 2002

CLERK OF THE SUPERIOR COURT

By _Shipe_

DEPUTY

7

8

9                    CALIFORNIA SUPERIOR COURT

10                      COUNTY OF ALAMEDA

11

12  KAREN CRAIG and BLANE N. BECKWITH,        CASE NO.  **2002077454**
                                             Civil Rights
13          Plaintiffs,
                                             COMPLAINT FOR PRELIMINARY
14      vs.                                  AND PERMANENT INJUNCTIVE
                                             RELIEF AND DAMAGES: DENIAL
15                                           OF CIVIL RIGHTS AND PUBLIC
    WALGREEN CO., and DOES 1-50, inclusive,  FACILITIES TO PHYSICALLY
16                                           HANDICAPPED PERSONS,
                                             (§§51,54,54.1,55 CALIFORNIA
17          Defendants.                      CIVIL CODE; §19955ff
                                             CALIFORNIA HEALTH & SAFETY
18                                           CODE);
                                             TITLE III OF THE AMERICANS
19                                           WITH DISABILITIES ACT OF 1990

20  ─────────────────────────────────

21      Plaintiffs KAREN CRAIG and BLANE N. BECKWITH complain of Defendants

22  WALGREEN CO. (hereinafter "WALGREENS") and DOES 1-50, inclusive, and allege as

23  follows:

24  ///

25  ///

26                                           **EXHIBIT** _A_

27                      -1-

28                   COMPLAINT

### FIRST CAUSE OF ACTION:

#### DAMAGES FOR DENIAL OF FULL AND EQUAL ACCESS TO A PUBLIC ACCOMMODATION

COMES NOW plaintiff KAREN CRAIG and for a First Cause of Action against defendants, and each of them, alleges as follows:

#### I.

Plaintiff KAREN CRAIG is a "person with disabilities, a " physically "handicapped" person, who requires use of a wheelchair for mobility. (Hereinafter, the words "physically handicapped" and "physically disabled" are used interchangeably as these words have similar or identical common usage and legal meaning, but the legislative scheme in Part 5.5 Health & Safety Code uses the term "physically handicapped persons" and the Unruh Civil Rights Act, §51, 52, 54.1 and 54.3 and other statutory measures refer to the protection of the rights of "individuals with disabilities."). Plaintiff KAREN CRAIG requires the use of a wheelchair for locomotion and is unable to use portions of public facilities which are not accessible to persons requiring the use of wheelchairs.

#### II.

Venue is proper in this court pursuant to 28 USC 1391(b) and is founded on the fact that the real property which is the subject of this action is located in Alameda County and that plaintiff's cause of action arose in this venue.

#### III.

Defendants WALGREENS CO. and DOES 1-50 are the owners and operators of defendant WALGREENS, located at 2187 Shattuck Avenue, City of Berkeley, Alameda County, California and 1330 Broadway, City of Oakland, Alameda County. These buildings

-2-

COMPLAINT

1 are a "public accommodation or facility" subject to the requirements of California Health &
2 Safety Code §19955 et seq. and of the California Civil Code, §54, et seq. Such facilities
3 were newly constructed after July 1, 1970, and subsequently underwent "alterations,
4 structural repairs, or additions," all subjecting such retail and drug stores to handicapped
5 access requirements per §19955 through §19959 California Health & Safety Code.

6

### IV.

8 Defendants have failed and refused to provide proper access to aisles and goods
9 which are accessible to and usable by other persons, despite their obligations under
10 California and federal laws, including California's Civil Rights Acts and the Federal
11 Americans With Disabilities Act of 1990. As a result, plaintiff has suffered damages, and
12 seeks an injunction to require accessible facilities for disabled persons as required by law.

13

### V.

15 Plaintiff KAREN CRAIG and other similarly situated physically disabled persons
16 requiring the use of wheelchairs are unable to use public facilities on a "full and equal"
17 basis unless such facilities are in compliance with the provisions of the Health & Safety
18 Code §19955 et seq. Plaintiff is a member of that portion of the public whose rights are
19 protected by the provisions of §19955 et seq. Health & Safety Code. The acts and
20 omissions of Defendants complained of herein were committed in the City of Berkeley and
21 City of Oakland, County of Alameda, State of California.

22

### VI.

24 Health & Safety Code §19955 was enacted, effective July 1970, "To ensure that
25 public accommodations or facilities constructed in this state with private funds adhere to
26 the provisions of Chapter 7 (commencing with §4450) of Division 5 of Title 1 of the

27 -3-

28 **COMPLAINT**

1  Government Code." Such public accommodations are defined to include retail and drug
2  stores. Health & Safety Code §19955 also requires that, "When sanitary facilities are made
3  available for the public, clients or employees in such accommodations or facilities, they
4  shall be made available for the physically handicapped." Title 24, California Administrative
5  Code, was in effect at the time of each alteration which, on information and belief, occurred
6  at such public facility since July 1, 1982, thus additionally requiring access when each such
7  "alteration, structural repair or addition" is carried out, (in addition to the §19959 Health &
8  Safety Code requirements in effect since 1970), and which imposes additional access
9  requirements with which defendants have not complied. Between July 1, 1970 and July 1,
10 1982 requirements of the American Standards Association (ASA) applied as to each such
11 alteration, structural repair or addition.

12
13                                          VII.

14         At all times herein relevant, defendants and each of them were the owners and
15 operators of the subject facilities. Plaintiff is informed and believes that each of the
16 Defendants herein is an agent, employee or representative of each of the other
17 Defendants, and performed all acts and omissions stated herein within the scope of such
18 agency or employment or representative capacity and is responsible in some manner for
19 the acts and omissions of the other Defendants in proximately causing the damages
20 complained of herein. Further, all such defendants have acted pursuant to a joint venture
21 and common enterprise, and share liability for the acts and omissions of their joint
22 venturers.

23
24                                          VIII.

25         On or about December 7, 2002 and prior to that on an almost weekly basis, plaintiff
26 KAREN CRAIG was a paying customer and guest at WALGREENS. After entering said

27                                           -4-

28                                       COMPLAINT

1   premises, she attempted to access the aisles at the store to shop.  Unfortunately, plaintiff
2   could not access the aisles and goods because there were obstacles in her path that had
3   been placed there by defendant WALGREENS, its agents and employees.  Contrary to the
4   requirements of §19955 Health & Safety Code since 1970, WALGREENS were built and
5   altered and modified since 1970 without providing access to their aisles and products for
6   sale.

7

8                                              IX.

9       Plaintiff KAREN CRAIG was never able to access all the aisles that other persons
10  could.  As a result of this denial of access to the aisles and the store products, plaintiff was
11  suffering physical and emotional discomfort.

12

13                                              X.

14      The features of WALGREENS failed to comply with access requirements in effect at
15  all times relevant to this Complaint: at the time of the construction of these facilities; at the
16  time of subsequent "alterations, structural repairs and additions" which triggered access
17  per §19959 Health & Safety Code, and pursuant to Title 24 of the California Code of
18  Regulations; on the plaintiff's visits on December 7, 2002 and prior to that on an almost
19  weekly basis, and up to the time of filing of this Complaint,  all according to proof.  On
20  information and belief, other portions of these facilities and its premises also failed and
21  continue to fail to provide legally required access to disabled persons who use
22  wheelchairs, (hereinafter also "non-ambulatory" disabled persons), including but not limited
23  to the height of the service counters.

24

25

26

27                                             -5-

28                                         COMPLAINT

XI.

As a result of the denial of full and equal access to the facilities of WALGREENS due to the acts and omissions of defendants, and each of them, in building, owning, altering, maintaining and operating the subject facilities, plaintiff suffered a violation of her Civil Rights on the aforementioned dates, including but not limited to rights under §54.1 Civil Code, and suffered physical discomfort and pain, mental and emotional shock, emotional distress, embarrassment and humiliation, all to his damage as hereinafter stated. Defendants' actions and omissions to act constituted discrimination against plaintiff on the sole basis that she was physically disabled and unable, because of the architectural barriers created by the defendants in violation of the subject laws, to use the aisles to visualize and purchase items at WALGREENS on a full and equal basis as other persons.

XII.

As a result of Defendants' acts and omissions in this regard, plaintiff has been required to incur legal expenses and attorney fees, as provided by statute, in order to enforce her rights and to enforce provisions of the law protecting access for disabled persons and prohibiting discrimination against disabled persons. Plaintiff therefore seeks damages in this lawsuit for recovery of all reasonable attorney fees, pursuant to the provisions of §54.3 Civil Code. Additionally, plaintiff's lawsuit is intended not only to obtain compensation for damages to plaintiff, but also to force defendants to make their facilities "accessible to" and "usable by" all disabled members of the public, justifying "public interest" attorney fees pursuant to the provisions of §1021.5 Code of Civil Procedure.

XIII.

On information and belief, the acts and omissions of defendants are further evidenced by their failure to provide an accessible despite knowledge of this problem and,

1 on information and belief, despite prior complaints about this problem. Defendants'

2 refusals to provide a handicapped accessible, so that these facilities could properly be

3 used by disabled persons, indicate implied malice toward plaintiff and despicable conduct

4 carried on by defendants with a willful and conscious disregard for the rights and safety of

5 plaintiff and of other disabled persons, and justify exemplary damages pursuant to §3294

6 Civil Code, in an amount sufficient to make an example of defendants and to punish

7 defendants.

8         Wherefore plaintiff prays for damages as hereinafter set forth:

9

10                          SECOND CAUSE OF ACTION
VIOLATIONS OF Plaintiff'S CIVIL RIGHTS (§51 Civil Code)

11

12       Plaintiff repleads and incorporates by reference, as if fully set forth again herein, all

13 of the allegations contained in the First Cause of Action and incorporates them herein as if

14 separately repled.

15

16                             I.

17       Defendants' acts and omissions have denied plaintiff full and equal

18 accommodations, advantages, facilities, privileges and services in a business

19 establishment as prohibited by Civil Code §51.

20

21                           II.

22       Each violation of the standards of Title III of the Americans With Disabilities Act of

23 1990 after January 1, 1993, as described in more detail in the paragraphs of the Fourth

24 Cause of Action herein, *infra*, which are incorporated herein into this paragraph, also

25 constitutes a violation of §51 Civil Code.

26

27                    -7-

28                COMPLAINT

## III.

On information and belief, at all times relevant herein after January 1, 1993, it was "readily achievable" under the standards of Title III (Public Accommodations) of the "ADA" standards incorporated into the requirements of California Civil Code §51, for defendants and each of them to have removed the access barriers complained of sufficiently to allow full and equal enjoyment of the goods, services, facilities, and accommodations of this public facility. Defendants have at all times herein mentioned been in violation of the standards of §§301 and 302, 42 USC §12182 of the ADA, and in violation of California Civil Code §51 which incorporates any violation of Title III of the ADA, including but not limited to §302(b)(2)(a)(iv) and (v), and related ADA and "ADAAG" regulations, into the requirements of and as a violation of California law, including Civil Code §51.

## IV.

As a result of the violation of plaintiff's Civil Rights as hereinabove described, plaintiff has suffered general damages, emotional distress and incurred reasonable attorney's fees according to proof, all to his damage, and is entitled to the remedies of Civil Code §§52 and 55.

### THIRD CAUSE OF ACTION
INJUNCTIVE RELIEF - VIOLATION OF HEALTH &
SAFETY CODE §19953 and CIVIL CODE §55

Comes now plaintiff KAREN CRAIG and for a Third Cause of Action against defendants, and each of them, for damages for a violation of Civil Rights and for injunctive relief alleges as follows:

-8-

COMPLAINT

I.

Plaintiff hereby repleads the entirety of the First and Second Causes of Action and incorporates them herein by reference as if separately repled.

II.

The acts and omissions of defendants as complained of herein are continuing on a day by day basis to have the effect of wrongfully and wilfully excluding plaintiff and other members of the public who are physically handicapped wheelchair users from full and equal access to the facilities known as WALGREENS. Such acts and omissions are the cause of humiliation and mental and emotional suffering of plaintiff in that these actions continue to treat plaintiff as an inferior and second class citizen and serve to discriminate against her on the sole basis that she is a person with disabilities and requires the use of a wheelchair for movement in public places. So long as such acts and omissions of defendants continue, plaintiff is unable to achieve equal access to and use of these facilities. The acts of defendants have proximately caused and will continue to cause irreparable injury to plaintiff if not enjoined by this court.

III.

Wherefore plaintiff asks this court to preliminarily and permanently enjoin the continuing refusal by defendants to grant such access to plaintiff and to require defendants to comply forthwith with the applicable statutory requirements relating to access for the handicapped. Such injunctive relief is provided by §19953 Health & Safety Code and California Civil Code §55. Plaintiff further requests that the court award statutory costs and attorney fees to plaintiff pursuant to Health & Safety Code §19953 and Civil Code §55, all as hereinafter prayed for.

Wherefore Plaintiff prays for damages as hereinafter set forth.

-9-

COMPLAINT

1
2
3
4

### FOURTH CAUSE OF ACTION
VIOLATION OF THE AMERICANS WITH
DISABILITIES ACT OF 1990, 42 USC §12101FF

#### I.

5    Plaintiff hereby repleads the entirety of the First, Second, and Third Causes of
6    Action and incorporates them herein by reference as if separately repled.

7

#### II.

8

9    Pursuant to law, in 1990 the United States Congress made findings per 42 USC
10    §12101 regarding physically disabled persons, finding that laws were needed to more fully
11    protect "some 43 million Americans with one or more physical or mental disabilities; that
12    historically society has tended to isolate and segregate individuals with disabilities", and
13    that "such forms of discrimination against individuals with disabilities continue to be a
14    serious and pervasive social problem; that the nation's proper goals regarding individuals
15    with disabilities are to assure equality of opportunity, full participation, independent living
16    and economic self sufficiency for such individuals; and that the continuing existence of
17    unfair and unnecessary discrimination and prejudice denies people with disabilities the
18    opportunity to compete on an equal basis and to pursue those opportunities for which our
19    free society is justifiably famous."

20

#### III.

21

22    Congress stated as its purpose in passing the Americans with Disabilities Act (42
23    USC §12101(b))

24    It is the purpose of this act
(1) to provide a clear and comprehensive national mandate for the elimination
25    of discrimination against individuals with disabilities; (2) to provide clear,
strong, consistent, enforceable standards addressing discrimination against
26    individuals with disabilities; (3) to ensure that the Federal government plays a

27                                    -10-

28                              **COMPLAINT**

central role in enforcing the standards established in this act on behalf of individuals with disabilities; and (4) to invoke the sweep of Congressional authority, including the power to enforce the 14th Amendment and to regulate commerce, in order to address the major areas of discrimination faced day to day by people with disabilities.

## IV.

As part of the Americans with Disabilities Act, Public Law 101-336, (hereinafter the "ADA"), Congress passed "Title III - Public Accommodations and Services Operated by Private Entities" (42 USC 12181ff). Among the public accommodations identified for purposes of this title was "a retail and drug store."

## V.

Pursuant to §302, 42 USC §12182, "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, (or leases to), or operates a place of public accommodation."

## VI.

Among the specific prohibitions against discrimination were included, in §302(b)(2)(a)(iv), "A failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities... where such removal is readily achievable;" and (v) "where an entity can demonstrate that the removal of a barrier under clause (iv) is not readily achievable, a failure to make such goods, services, facilities, privileges, advantages, or accommodations available through alternative methods if such methods are readily achievable." The acts of Defendants set forth herein were a violation of Plaintiff's rights under the "ADA", Public Law 101-336, and the regulations promulgated thereunder, 28 CFR Part 36ff.

-11-

COMPLAINT

## VII.

The removal of each of the barriers complained of by plaintiff KAREN CRAIG as hereinabove alleged were at all times since December 7, 2002 "readily achievable". On information and belief, removal of each of the barriers to access complained of herein, including access to the aisles and goods were "readily achievable" for defendants in light of their financial resources, and the resources of each "parent company" owner or operator, pursuant to the Americans With Disabilities Act of 1990 (ADA) and to the regulations promulgated pursuant to the ADA.

## VIII.

Per, §301(9), 42 USC 12181, "The term 'readily achievable' means easily accomplishable and able to be carried out without much difficulty or expense." Plaintiff alleges that removal of each of the access barriers plaintiff has complained about hereinabove would have been and continues to be "readily achievable" by the defendants under the standards set forth under §301(9) of the Americans with Disabilities Act. Further, (per §302(b)(2)(A)(v)), if it was not "readily achievable" for defendants to remove <u>all</u> such barriers, Defendants have failed to make the required services available through alternative methods, and such methods are readily achievable.

## IX.

Pursuant to the Americans with Disabilities Act, 42 USC 12188ff, §308, plaintiff is entitled to the remedies and procedures set forth in §204(a) of the Civil Rights Act of 1964 42 USC 2000(a)-3(a), as plaintiff is being subjected to discrimination on the basis of disability in violation of this title or has reasonable grounds for believing that she is about to be subjected to discrimination in violation of §302.

**X.**

Plaintiff has returned to defendants' WALGREENS as recently as December 7, 2002 and has found that the barriers to full and equal access complained of hereinabove have not been remedied. Per §308(a)(1) (42 USC 12188), "Nothing in this section shall require a person with a disability to engage in a futile gesture if such person has actual notice that a person or organization covered by this title does not intend to comply with its provisions." Pursuant to this last section, plaintiff has not returned to the WALGREENS facilities since December 7, 2002, but on information and belief, alleges that defendants have continued to violate the law and deny the rights of plaintiff and of other disabled persons to access this public accommodation. Pursuant to §308(a)(2), "In cases of violations of §302(b)(2)(A)(iv)... injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by this title."

**XI.**

Plaintiff seeks relief pursuant to remedies set forth in §204(a) of the Civil Rights Act of 1964, (42 USC 2000(a)-3(a), and pursuant to Federal Regulations adopted to implement the Americans with Disabilities Act of 1990. Further, plaintiff seeks attorney fees, and litigation expenses and costs, pursuant to §505 of Title III of the ADA.

Wherefore plaintiff prays for damages as hereinafter set forth.

**FIFTH CAUSE OF ACTION**

COMES NOW plaintiff BLANE N. BECKWITH and for a Fifth Cause of Action against defendants, and each of them, alleges as follows:

-13-

COMPLAINT

## I.

Plaintiff BLANE N. BECKWITH is a "person with disabilities, a " physically "handicapped" person, who requires use of a wheelchair for mobility.  (Hereinafter, the words "physically handicapped" and "physically disabled" are used interchangeably as these words have similar or identical common usage and legal meaning, but the legislative scheme in Part 5.5 Health & Safety Code uses the term "physically handicapped persons" and the Unruh Civil Rights Act, §51, 52, 54.1 and 54.3 and other statutory measures refer to the protection of the rights of "individuals with disabilities.").  Plaintiff BLANE N. BECKWITH requires the use of a wheelchair for locomotion and is unable to use portions of public facilities which are not accessible to persons requiring the use of wheelchairs.

## II.

Venue is proper in this court pursuant to 28 USC 1391(b) and is founded on the fact that the real property which is the subject of this action is located in Alameda County and that plaintiff's cause of action arose in this venue.

## III.

Defendants WALGREENS CO. and DOES 1-50 are the owners and operators of defendant WALGREENS, located at 2187 Shattuck Avenue, City of Berkeley, Alameda County, California.  This building is a "public accommodation or facility" subject to the requirements of California Health & Safety Code §19955 et seq. and of the California Civil Code, §54, et seq.  Such facility was newly constructed after July 1, 1970, and subsequently underwent "alterations, structural repairs, or additions," all subjecting such restaurant to handicapped access requirements per §19955 through §19959 California Health & Safety Code.

-14-

COMPLAINT

## IV.

Defendants have failed and refused to provide proper access to aisles and goods which are accessible to other persons, despite their obligations under California and federal laws, including California's Civil Rights Acts and the federal Americans With Disabilities Act of 1990. As a result, plaintiff has suffered damages, and seeks an injunction to require accessible facilities for disabled persons as required by law.

## V.

Plaintiff BLANE N. BECKWITH and other similarly situated physically disabled persons requiring the use of wheelchairs are unable to use public facilities on a "full and equal" basis unless such facility is in compliance with the provisions of the Health & Safety Code §19955 et seq. Plaintiff is a member of that portion of the public whose rights are protected by the provisions of §19955 et seq. Health & Safety Code. The acts and omissions of Defendants complained of herein were committed in the City of Alameda, County of Alameda, State of California.

## VI.

Health & Safety Code §19955 was enacted, effective July 1970, "To ensure that public accommodations or facilities constructed in this state with private funds adhere to the provisions of Chapter 7 (commencing with §4450) of Division 5 of Title 1 of the Government Code." Such public accommodations are defined to include retail and drug stores. Health & Safety Code §19955 also requires that, "When sanitary facilities are made available for the public, clients or employees in such accommodations or facilities, they shall be made available for the physically handicapped." Title 24, California Administrative Code, was in effect at the time of each alteration which, on information and belief, occurred at such public facility since July 1, 1982, thus additionally requiring access when each such

-15-

**COMPLAINT**

1   "alteration, structural repair or addition" is carried out, (in addition to the §19959 Health &

2   Safety Code requirements in effect since 1970), and which imposes additional access

3   requirements with which defendants have not complied.  Between July 1, 1970 and July 1,

4   1982 requirements of the American Standards Association (ASA) applied as to each such

5   alteration, structural repair or addition.

6

7                                          VII.

8          At all times herein relevant, defendants and each of them were the owners and

9   operators of the subject facilities.  Plaintiff is informed and believes that each of the

10  Defendants herein is the agent, employee or representative of each of the other

11  Defendants, and performed all acts and omissions stated herein within the scope of such

12  agency or employment or representative capacity and is responsible in some manner for

13  the acts and omissions of the other Defendants in proximately causing the damages

14  complained of herein.  Further, all such defendants have acted pursuant to a joint venture

15  and common enterprise, and share liability for the acts and omissions of their joint

16  venturers.

17

18                                         VIII.

19         On or about December 4, 2002 and on numerous occasions prior to that, plaintiff

20  BLANE N. BECKWITH was a paying customer and guest at WALGREENS.

21  Unfortunately, plaintiff could not access the aisles and goods because there were

22  obstacles in his path that had been placed there by defendant WALGREENS, its agents

23  and employees.  Contrary to the requirements of §19955 Health & Safety Code since

24  1970, this facility was built and altered and modified since 1970 without providing access to

25  the aisles and products for sale.

26

27                                         -16-

28                                      COMPLAINT

**IX.**

Plaintiff BLANE N. BECKWITH was never able to access the aisles and goods that other persons could. As a result of this denial of access to the aisles and goods, plaintiff was suffering physical and emotional discomfort.

**X.**

The features of the restaurant and men's restroom failed to comply with access requirements in effect at all times relevant to this Complaint: at the time of the construction of this facility; at the time of subsequent "alterations, structural repairs and additions" which triggered access per §19959 Health & Safety Code, and pursuant to Title 24 of the California Code of Regulations during the years 1994, 1995 and 1996 and up to the time of filing of this Complaint, all according to proof. On information and belief, other portions of this facility and its premises also failed and continue to fail to provide legally required access to disabled persons who use wheelchairs, (hereinafter also "non-ambulatory" disabled persons), including but not limited to the height of the service counters.

**XI.**

As a result of the denial of full and equal access to the facilities of WALGREENS due to the acts and omissions of defendants, and each of them, in building, owning, altering, maintaining and operating the subject facility, plaintiff suffered a violation of his Civil Rights on the aforementioned dates, including but not limited to rights under §54.1 Civil Code, and suffered physical discomfort and pain, mental and emotional shock, emotional distress, embarrassment and humiliation, all to his damage as hereinafter stated. Defendants' actions and omissions to act constituted discrimination against plaintiff on the sole basis that he was physically disabled and unable, because of the architectural barriers created by the defendants in violation of the subject laws, to use the aisles and to

-17-

COMPLAINT

1  visualize and purchase items at WALGREENS on a full and equal basis as other persons.

2

3                                    XII.

4       As a result of Defendants' acts and omissions in this regard, plaintiff has been

5  required to incur legal expenses and attorney fees, as provided by statute, in order to

6  enforce his rights and to enforce provisions of the law protecting access for disabled

7  persons and prohibiting discrimination against disabled persons. Plaintiff therefore seeks

8  damages in this lawsuit for recovery of all reasonable attorney fees, pursuant to the

9  provisions of §54.3 Civil Code. Additionally, plaintiff's lawsuit is intended not only to obtain

10 compensation for damages to plaintiff, but also to force defendants to make their facilities

11 "accessible to" and "usable by" all disabled members of the public, justifying "public

12 interest" attorney fees pursuant to the provisions of §1021.5 Code of Civil Procedure.

13

14                                   XIII.

15      On information and belief, the acts and omissions of defendants are further

16 evidenced by their failure to provide accessible aisles despite knowledge of this problem

17 and, on information and belief, despite prior complaints about this problem. Defendants'

18 refusals to provide a handicapped accessible restroom and toilet stall, so that these

19 facilities could properly be used by disabled persons, indicate implied malice toward

20 plaintiff and despicable conduct carried on by defendants with a willful and conscious

21 disregard for the rights and safety of plaintiff and of other disabled persons, and justify

22 exemplary damages pursuant to §3294 Civil Code, in an amount sufficient to make an

23 example of defendants and to punish defendants.

24      Wherefore plaintiff prays for damages as hereinafter set forth.

25

26

27                                   -18-

28                              COMPLAINT

## SIXTH CAUSE OF ACTION
### VIOLATIONS OF PLAINTIFF'S CIVIL RIGHTS (§51 Civil Code)

Plaintiff repleads and incorporates by reference, as if fully set forth again herein, all of the allegations contained in the Fifth Cause of Action and incorporates them herein as if separately repled.

### I.

Defendants' acts and omissions have denied plaintiff full and equal accommodations, advantages, facilities, privileges and services in a business establishment as prohibited by Civil Code §51.

### II.

Each violation of the standards of Title III of the Americans With Disabilities Act of 1990 after January 1, 1993, as described in more detail in the paragraphs of the Fourth Cause of Action herein, *infra*, which are incorporated herein into this paragraph, also constitutes a violation of §51 Civil Code.

### III.

On information and belief, at all times relevant herein after January 1, 1993, it was "readily achievable" under the standards of Title III (Public Accommodations) of the "ADA" standards incorporated into the requirements of California Civil Code §51, for defendants and each of them to have removed the access barriers complained of sufficiently to allow full and equal enjoyment of the goods, services, facilities, and accommodations of this public facility. Defendants have at all times herein mentioned been in violation of the standards of §§301 and 302, 42 USC §12182 of the ADA, and in violation of California Civil Code §51 which incorporates any violation of Title III of the ADA, including but not limited

-19-

COMPLAINT

01/07/03 TUE 00:20 FAX 6190520 ☐ 021

1   to §302(b)(2)(a)(iv) and (v), and related ADA and "ADAAG" regulations, into the

2   requirements of and as a violation of California law, including Civil Code §51.

3

4                                          IV.

5        As a result of the violation of plaintiff's Civil Rights as hereinabove described,

6   plaintiff has suffered general damages, emotional distress and incurred reasonable

7   attorney's fees according to proof, all to his damage, and is entitled to the remedies of Civil

8   Code §§52 and 55.

9

10               SEVENTH CAUSE OF ACTION
             INJUNCTIVE RELIEF - VIOLATION OF HEALTH &
11              SAFETY CODE §19953 and CIVIL CODE §55

12       Comes now plaintiff BLANE N. BECKWITH and for a Seventh Cause of Action

13  against defendants, and each of them, for damages for a violation of Civil Rights and for

14  injunctive relief alleges as follows:

15

16                                          I.

17       Plaintiff hereby repleads the entirety of the Fifth and Sixth Causes of Action and

18  incorporates them herein by reference as if separately repled.

19

20                                          II.

21       The acts and omissions of defendants as complained of herein are continuing on a

22  day by day basis to have the effect of wrongfully and wilfully excluding plaintiff and other

23  members of the public who are physically handicapped wheelchair users from full and

24  equal access to the facilities known as WALGREENS. Such acts and omissions are the

25  cause of humiliation and mental and emotional suffering of plaintiff in that these actions

26

27                                        -20-

28                                     COMPLAINT

1  continue to treat plaintiff as an inferior and second class citizen and serve to discriminate

2  against him on the sole basis that she is a person with disabilities and requires the use of a

3  wheelchair for movement in public places. So long as such acts and omissions of

4  defendants continue, plaintiff is unable to achieve equal access to and use of these

5  facilities. The acts of defendants have proximately caused and will continue to cause

6  irreparable injury to plaintiff if not enjoined by this court.

7

8                                    III.

9       Wherefore plaintiff asks this court to preliminarily and permanently enjoin the

10  continuing refusal by defendants to grant such access to plaintiff and to require defendants

11  to comply forthwith with the applicable statutory requirements relating to access for the

12  handicapped. Such injunctive relief is provided by §19953 Health & Safety Code and

13  California Civil Code §55. Plaintiff further requests that the court award statutory costs and

14  attorney fees to plaintiff pursuant to Health & Safety Code §19953 and Civil Code §55, all

15  as hereinafter prayed for.

16       Wherefore Plaintiff prays for damages as hereinafter set forth.

17

18                      EIGHTH CAUSE OF ACTION
                    VIOLATION OF THE AMERICANS WITH
19                  DISABILITIES ACT OF 1990, 42 USC §12101FF

20                                    I.

21       Plaintiff hereby repleads the entirety of the Fifth, Sixth and Seventh Causes of Action

22  and incorporates them herein by reference as if separately repled.

23

24                                    II.

25       Pursuant to law, in 1990 the United States Congress made findings per 42 USC

26  §12101 regarding physically disabled persons, finding that laws were needed to more fully

27                                   -21-

28                              COMPLAINT

1   protect "some 43 million Americans with one or more physical or mental disabilities; that

2   historically society has tended to isolate and segregate individuals with disabilities", and

3   that "such forms of discrimination against individuals with disabilities continue to be a

4   serious and pervasive social problem; that the nation's proper goals regarding individuals

5   with disabilities are to assure equality of opportunity, full participation, independent living

6   and economic self sufficiency for such individuals; and that the continuing existence of

7   unfair and unnecessary discrimination and prejudice denies people with disabilities the

8   opportunity to compete on an equal basis and to pursue those opportunities for which our

9   free society is justifiably famous."

10

## III.

12   Congress stated as its purpose in passing the Americans with Disabilities Act (42

13   USC §12101(b))

14   It is the purpose of this act
    (1) to provide a clear and comprehensive national mandate for the elimination

15   of discrimination against individuals with disabilities; (2) to provide clear,
    strong, consistent, enforceable standards addressing discrimination against

16   individuals with disabilities; (3) to ensure that the Federal government plays a
    central role in enforcing the standards established in this act on behalf of

17   individuals with disabilities; and (4) to invoke the sweep of Congressional
    authority, including the power to enforce the 14th Amendment and to regulate

18   commerce, in order to address the major areas of discrimination faced day to
    day by people with disabilities.

19

20   ## IV.

21   As part of the Americans with Disabilities Act, Public Law 101-336, (hereinafter the

22   "ADA"), Congress passed "Title III – Public Accommodations and Services Operated by

23   Private Entities" (42 USC 12181ff). Among the public accommodations identified for

24   purposes of this title was "a retail and drug store."

25

26

27   -22-

28   COMPLAINT

## V.

Pursuant to §302, 42 USC §12182, "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, (or leases to), or operates a place of public accommodation."

## VI.

Among the specific prohibitions against discrimination were included, in §302(b)(2)(a)(iv), "A failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities... where such removal is readily achievable;" and (v) "where an entity can demonstrate that the removal of a barrier under clause (iv) is not readily achievable, a failure to make such goods, services, facilities, privileges, advantages, or accommodations available through alternative methods if such methods are readily achievable." The acts of Defendants set forth herein were a violation of Plaintiff's rights under the "ADA", Public Law 101-336, and the regulations promulgated thereunder, 28 CFR Part 36ff.

## VII.

The removal of each of the barriers complained of by plaintiff BLANE N. BECKWITH as hereinabove alleged were at all times since December 4, 2002 "readily achievable". On information and belief, removal of each of the barriers to access complained of herein, including access to the aisles and removal of barriers to access, were "readily achievable" for defendants in light of their financial resources, and the resources of each "parent company" owner or operator, pursuant to the Americans With Disabilities Act of 1990 (ADA) and to the regulations promulgated pursuant to the ADA.

COMPLAINT

## VIII.

Per §301(9), 42 USC 12181, "The term 'readily achievable' means easily accomplishable and able to be carried out without much difficulty or expense." Plaintiff alleges that removal of each of the access barriers plaintiff has complained about hereinabove would have been and continues to be "readily achievable" by the defendants under the standards set forth under §301(9) of the Americans with Disabilities Act. Further, (per §302(b)(2)(A)(v)), if it was not "readily achievable" for defendants to remove all such barriers, Defendants have failed to make the required services available through alternative methods, and such methods are readily achievable.

## IX.

Pursuant to the Americans with Disabilities Act, 42 USC 12188ff, §308, plaintiff is entitled to the remedies and procedures set forth in §204(a) of the Civil Rights Act of 1964 42 USC 2000(a)-3(a), as plaintiff is being subjected to discrimination on the basis of disability in violation of this title or has reasonable grounds for believing that he is about to be subjected to discrimination in violation of §302.

## X.

Plaintiff has returned to defendants' WALGREENS as recently as December 4, 2002, and has found that the barriers to full and equal access complained of hereinabove have not been remedied. Per §308(a)(1) (42 USC 12188), "Nothing in this section shall require a person with a disability to engage in a futile gesture if such person has actual notice that a person or organization covered by this title does not intend to comply with its provisions." Pursuant to this last section, plaintiff, on information and belief, alleges that defendants have continued to violate the law and deny the rights of plaintiff and of other disabled persons to access this public accommodation. Pursuant to §308(a)(2), "In cases

-24-

COMPLAINT

of violations of §302(b)(2)(A)(iv)... injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by this title."

## XI.

Plaintiff seeks relief pursuant to remedies set forth in §204(a) of the Civil Rights Act of 1964, (42 USC 2000(a)-3(a), and pursuant to Federal Regulations adopted to implement the Americans with Disabilities Act of 1990.  Further, plaintiff seeks attorney fees, and litigation expenses and costs, pursuant to §505 of Title III of the ADA.

Wherefore plaintiffs KAREN CRAIG and BLANE N. BECKWITH pray for damages as follows:

### FIRST and FIFTH CAUSES OF ACTION

1. General and compensatory damages according to proof;

2. Special and consequential damages according to proof;

3. Punitive and exemplary damages in an amount sufficient to deter such wrongful conduct and make an example of defendants, pursuant to §3294 Civil Code;

4. For attorney's fees pursuant to §54.3 Code of Civil Procedure and §1021.5 Code of Civil Procedure;

5. For all costs of suit;

6. For pre-judgment interest pursuant to §3291 Civil Code;

7. Such other and further relief as the Court may deem just and proper.

### SECOND and SIXTH CAUSES OF ACTION - §51 CIVIL CODE

1. General and compensatory damages according to  proof;

-25-

COMPLAINT

2. All damages as afforded by Civil Code §52 for each day on which defendants have denied to plaintiffs full and equal accommodations, advantages, facilities, privileges or services in any business establishment or have otherwise denied to plaintiffs equal access for the disabled;

3. Attorney's fees pursuant to §52 Civil Code;

4. Punitive damages pursuant to §3294 Civil Code;

5. For all costs of suit;

6. Pre-judgment interest pursuant to §3291 of the Civil Code;

7. Such other and further relief as the Court may deem just and proper.

### THIRD CAUSE and SEVENTH CAUSE OF ACTION

1. For injunctive relief prohibiting operation of this restaurant as a public accommodation until it provides full and equal access to handicapped persons, and requiring that such access be immediately provided;

2. For attorney's fees pursuant to §55 Civil Code, §19953 Health & Safety Code, and §1021.5 Code of Civil Procedure;

3. For all costs of suit;

4. For such other and further relief as the court may deem proper.

### FOURTH CAUSE and EIGHTH CAUSES OF ACTION

1. For injunctive relief ordering defendants to alter the facilities to make such facilities accessible to and usable by individuals with disabilities, per §308 of Title III of the ADA;

2. For attorney's fees and costs of suit, per §505 of Title III of the Americans With Disabilities Act of 1990;

-26-

COMPLAINT

3.    For such other and further relief as the court may deem proper.

DATED: December 31, 2002        LAW OFFICE OF ROBERT G. SCHOCK

ROBERT G. SCHOCK
Attorney for Plaintiffs KAREN CRAIG &
BLANE N. BECKWITH

-27-

COMPLAINT

# EXHIBIT B

COPY

1  SEYFARTH SHAW
   Kari Erickson Levine (State Bar No.: 146101)
2  Mark J. Fumia (State Bar No.: 217440)
   101 California Street, Suite 2900
3  San Francisco, California 94111-5858
   Telephone: (415) 397-2823
4  Facsimile: (415) 397-8549

5  Attorneys for Defendant
   WALGREEN CO.

ENDORSED
FILED
ALAMEDA COUNTY

FEB 0 7 2003

CLERK OF THE SUPERIOR COURT
By Shantal R. Vinuya, Deputy

6

7

8

9               SUPERIOR COURT OF CALIFORNIA

10                 COUNTY OF ALAMEDA

11 | KAREN CRAIG and BLANE BECKWITH    )   Case No. 2002077454
                                      )
12 |          Plaintiffs,             )   **DEFENDANT WALGREEN CO.'S**
                                      )   **ANSWER TO PLAINTIFFS'**
13 |     v.                           )   **UNVERIFIED COMPLAINT**
                                      )
14 | WALGREEN CO., and DOES 1-50, inclusive )
                                      )
15 |          Defendants.             )
                                      )

16

17        Pursuant to the provisions of section 431.30(d) of the California Code of Civil Procedure,

18 Defendant WALGREEN CO. ("Defendant") generally denies each and every allegation in

19 Plaintiffs KAREN CRAIG and BLANE BECKWITH's (hereinafter collectively referred to as

20 "Plaintiffs") unverified Complaint ("the Complaint").

21        In further answer to the Complaint, Defendant denies that Plaintiffs suffered injuries as

22 alleged in the Complaint or damages in any nature whatsoever.

23                          **FIRST AFFIRMATIVE DEFENSE**

24            **(Failure to State Claim for Relief — all causes of action)**

25        On information and belief, the Complaint fails to state a claim upon which relief may be

26 granted against Defendant.

27 ///

28 ///

                                              EXHIBIT B

                                          1
Defendant Walgreen Co.'s Answer to Plaintiffs' Unverified Complaint / Case No. 2002077454

## SECOND AFFIRMATIVE DEFENSE

### (Statute of Limitations — all causes of action)

On information and belief, each of Plaintiffs' claims as set forth in the Complaint is barred to the extent that they exceed the applicable statute of limitations.

## THIRD AFFIRMATIVE DEFENSE

### (Good Cause — all causes of action)

On information and belief, each of Plaintiffs' claims as set forth in the Complaint is barred because Defendant had good cause for its conduct.

## FOURTH AFFIRMATIVE DEFENSE

### (Conduct of others and Plaintiff)

On information and belief, the proximate cause of damages suffered by Plaintiffs, if any, was the conduct of Plaintiffs or others for which Defendant was not, and is not, responsible.

## FIFTH AFFIRMATIVE DEFENSE

### (Accommodations Not Required By Law)

On information and belief, each of Plaintiffs' claims as set forth in the Complaint is barred because the accommodations sought by Plaintiffs are not required by law.

## SIXTH AFFIRMATIVE DEFENSE

### (Compliance with Law)

On information and belief, each of Plaintiffs' claims as set forth in the Complaint is barred because Defendant is in compliance with the applicable law.

## SEVENTH AFFIRMATIVE DEFENSE

### (Damages Not Recoverable)

On information and belief, Plaintiffs may not recover compensatory or punitive damages as a matter of law.

///
///
///
///

Defendant Walgreen Co.'s Answer to Plaintiffs' Unverified Complaint / Case No. 2002077454

## EIGHTH AFFIRMATIVE DEFENSE

### (Construction, Alteration, Repair or Modification Beyond Requirements of Law)

On information and belief, the Complaint seeks accommodations and modifications that would require the construction, alteration, repair, structural or otherwise, or modification that is beyond the requirements of the law.

## NINTH AFFIRMATIVE DEFENSE

### (Good Faith)

On information and belief, Defendant had good faith defenses, based in law and/or fact, at all times relevant to the Complaint, which, if successful, would preclude any recovery by Plaintiff based on the allegations of the Complaint.

## TENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

On information and belief, Plaintiffs have failed to mitigate their purported damages, if any, and further, to the extent that any damages could have been mitigated, such sums should be deducted from any award of damages.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Abatement, Apportionment or Reduction of Damages)

On information and belief, Defendant is entitled to obtain an abatement, apportionment or reduction of the damages suffered by Plaintiffs, if any, to the extent that any other party's actions caused or contributed to such damages, if any there were.

## TWELFTH AFFIRMATIVE DEFENSE

### (Lack of Standing)

On information and belief, each of Plaintiffs' claims as set forth in the Complaint is barred in that Plaintiffs lack standing and/or capacity to bring each claim.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Waiver)

On information and belief, each of Plaintiffs' claims as set forth in the Complaint is barred by the doctrine of waiver.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Doctrine of Estoppel)

On information and belief, each of Plaintiffs' claims as set forth in the Complaint is barred by the doctrine of estoppel.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Doctrine of Unclean Hands)

On information and belief, each of Plaintiffs' claims as set forth in the Complaint is barred by the doctrine of unclean hands.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Doctrine of Laches)

On information and belief, each of Plaintiffs' claims as set forth in the Complaint is barred by the doctrine of laches.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Preemption by Federal Law)

On information and belief, each of Plaintiffs' claims as set forth in the Complaint is based on California state laws that are preempted by applicable Federal law.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Failure to Seek Accommodation)

On information and belief, Defendant is not liable because Plaintiffs failed to seek any accommodation.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Failure to Give Notice and Provide Opportunity)

On information and belief, each of Plaintiffs' claims as set forth in the Complaint fails as a matter of law because, to the extent that Plaintiffs were not provided with full and equal accommodations, advantages, facilities, privileges or services of Defendant's facility, it was because Plaintiffs failed to give Defendant sufficient notice of the need and sufficient opportunity to do so.

///

4

## TWENTIETH AFFIRMATIVE DEFENSE

### (Dual Liability Unavailable)

According to California Civil Code section 54.3, Defendant may not be held liable for damages suffered by Plaintiffs, if any there were, pursuant to both the Unruh Act and the Public Accommodations Act.

## TWENTY FIRST AFFIRMATIVE DEFENSE

### (Punitive Damages Unavailable)

Defendant alleges that Plaintiffs' Complaint and each purported cause of action asserted against Defendant therein fails to set forth facts sufficient to constitute a claim for exemplary or punitive damages and Plaintiffs are not entitled to recover any punitive or exemplary damages on the ground that any award of punitive or exemplary damages in general and/or any such award as applied to the facts of this specific action would violate Defendant's constitutional rights under provisions of the United States Constitution, including, but not limited to, the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution.

## TWENTY SECOND AFFIRMATIVE DEFENSE

### (Accommodations Not Readily Achievable)

Defendant alleges that the accommodations requested by Plaintiffs are not readily achievable, feasible, and/or would result in an undue burden on Defendant and others.

## TWENTY THIRD AFFIRMATIVE DEFENSE

### (Access Not Intentionally Impeded or Impaired)

Defendant alleges that it did not intentionally impede or impair access or service to Plaintiffs.

## TWENTY FOURTH AFFIRMATIVE DEFENSE

### (No Entitlement to Attorneys' Fees)

Defendant alleges that Plaintiffs are not entitled to recover any attorneys' fees under the ADA or state law on the ground that Defendant was already taking measures to remedy the sought after relief prior to the lawsuit.

5

## TWENTY FIFTH AFFIRMATIVE DEFENSE

### (Good Faith Efforts)

Defendant alleges that it did not intentionally impede or impair access or service to Plaintiffs and has made good faith efforts to provide access to and in its facility.

**WHEREFORE** Defendant WALGREEN CO. prays:

1.  That Plaintiff's Complaint be dismissed;

2.  That Plaintiff take nothing by reason thereof;

3.  That judgment be entered in favor of Defendant;

4.  That Defendant be awarded its attorneys' fees and costs of suit; and

5.  For such other and further relief as the Court deems just and proper.

DATED: February 6, 2003

SEYFARTH SHAW

By _____
Kari Erickson Levine
Attorney for Defendant
WALGREEN CO.

6

**PROOF OF SERVICE**

STATE OF CALIFORNIA      )
                         )      ss
COUNTY OF SAN            )
FRANCISCO

I, Jean Moore, am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is Seyfarth Shaw, 101 California Street, Suite 2900, San Francisco, California 94111-5858. On February 7, 2003, I served the within document:

**DEFENDANT WALGREEN CO.'S ANSWER TO PLAINTIFFS' UNVERIFIED COMPLAINT.**

☐ I sent such document from facsimile machine (415) 397-8549 on _____. I certify that said transmission was completed and that all pages were received and that a report was generated by facsimile machine (415) 397-8549 which confirms said transmission and receipt. I, thereafter, mailed a copy to the interested party(ies) in this action by placing a true copy thereof enclosed in sealed envelope(s) addressed to the parties listed below.

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Francisco, California addressed as set forth below. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than on day after the date of deposit for mailing in affidavit.

☐ by placing the document(s) listed above, together with an unsigned copy of this declaration, in a sealed Federal Express envelope with postage paid on account and deposited with Federal Express at San Francisco, California, addressed as set forth below.

☐ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below

Robert G. Schock, Esq.
Law Office of Robert G. Schock
1970 Broadway, Ste 1200
Oakland, CA  94612

I declare that I am employed in the office of a member of the bar of this Court whose direction the service was made.

Executed on February 7, 2003 at San Francisco, California.

_Jean Moore_
Jean Moore

7

Defendant Walgreen Co.'s Answer to Plaintiffs' Unverified Complaint / Case No. 2002077454

1   SEYFARTH SHAW
    Kari Erickson Levine (SBN: 146101)
2   Theresa Mak (SBN: 211435)
    101 California Street, Suite 2900
3   San Francisco, California 94111-5858
    Telephone: (415) 397-2823
4   Facsimile: (415) 397-8549

5   Attorneys for Defendant
    WALGREEN CO.

6

7

8

9                   UNITED STATES DISTRICT COURT

10        IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

11  KAREN CRAIG and BLANE N. BECKWITH  )   Case No.
                                       )
12              Plaintiff,             )   (S.C.A.C. Case No. 2002077454)
                                       )
13      v.                             )   **DECLARATION OF THERESA MAK**
                                       )   **IN SUPPORT OF DEFENDANT**
14  WALGREEN CO., and DOES 1-50, inclusive )  **WALGREEN CO'S PETITION FOR**
                                       )   **REMOVAL**
15              Defendant.             )
                                       )   Date: February 10, 2003

16

17          I, THERESA MAK, hereby declares as follows:

18          1.     I am an attorney at law duly licensed to practice before all courts of the State of

19  California and this Court, and am an associate in the law firm of Seyfarth Shaw, attorneys of

20  record for Defendant WALGREEN CO ("Walgreens") in this case.  I make this declaration in

21  support of Walgreens' Removal to Federal Court.

22          2.     I have personal knowledge of the facts stated herein and if called to testify

23  thereto, I could and would competently do so.

24          3.     On January 10, 2003, I spoke on the telephone with Mr. Robert G. Schock,

25  counsel for Plaintiffs KAREN CRAIG and BLANE N. BECKWITH (collectively as

26  "Plaintiffs").  During this telephone conversation, Mr. Schock and I agreed that this action

27  constitutes a suit between citizens of different states and that, as alleged in Plaintiffs' Complaint,

28  the amount in controversy exceeds the sum of $75,000.  As such, I indicated that Walgreens will

                                        1
    Declaration of Theresa Mak in Support of Defendant Walgreen Co.'s Petition for Removal

1    remove this action to the United States District Court for the Northern District of California. Mr.

2    Schock stated that Plaintiffs will not seek a remand back to the Superior Court of California.

3        4.      On or about January 23, 2003, I spoke with the assistant for Mr. Schock, who

4    informed me that service of the Complaint was sent via certified mail to Walgreens' offices in

5    Illinois on January 3, 2003. As such, pursuant to Code of Civil Procedure section 415.40,

6    service of the Complaint was completed on Walgreens on January 13, 2003.

7         I declare under penalty of perjury under the laws of the State of California and the United

8    States that the foregoing is true and correct and of my own personal knowledge and belief, and

9    that this Declaration was executed on this 10th day of February 2003 at San Francisco,

10    California.

11

12                                                  Theresa Mak

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28